IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Lamont Brown, #297998, ) | C/A No.  9:06-2532-JFA-GCK |
| ) | |
| Plaintiff, ) | |
| v.          ) | **ORDER** |
| ) | |
| Nurse Joyce Kirk; Sargeant Abney; ) | |
| Lieutenant Linda Butler; Captain Middleton; ) | |
| and Major Phillip C. Anderson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation.[1] The *pro se* plaintiff, David Lamont Brown, was detained at the Greenwood County Detention Center ("GCDC") at the time of the alleged incidents giving rise to his action under 42 U.S.C. § 1983. He alleges he was denied proper medical care with regard to his dislocated knee and seeks monetary damages.

In a comprehensive Report and Recommendation, the Magistrate Judge suggests that

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

the defendants' motions for summary judgment[2] should be granted because there is no genuine issue of material fact. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 30, 2007. The plaintiff timely filed objections to the Report.

The exhaustion provision of the Prisoner Litigation Reform Act ("PLRA") states:

> "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. ____, 127 S.Ct. 910 (2007), the Supreme Court held that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *See also Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005)(inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the defendant).

---

[2] The GCDC defendants and Nurse Kirk filed separate motions for summary judgment. Accordingly, orders were issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. Plaintiff responded to both motions and then filed his own motion for summary judgment.

As the Magistrate Judge suggests, because the GCDC defendants did not raise the defense or allege that plaintiff failed to exhaust available remedies under the GCDC, then such defense is waived. In addition, although defendant Kirk did assert in her answer that the plaintiff failed to exhaust his administrative remedies, Kirk did not specifically argue so in her motion for summary judgment. The Magistrate Judge opines, and this court agrees, that the defendants have failed to carry their burden of proof with respect to whether plaintiff exhausted his administrative remedies, and thus the court should rule on the merits of the case.

Plaintiff claims in this § 1983 action that his civil rights were violated when he was denied adequate medical care for his dislocated left knee and denied his prescription medication. Because the plaintiff's objections were little more than conclusory statements, repetitive of the allegations in the complaint, this court is constrained to overrule the plaintiff's objections.[3]

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct

---

[3] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the defendants' motions for summary judgment are granted, and plaintiff's motion for summary judgment is denied. The court also declines to exercise supplemental jurisdiction on any claims that could be construed as state law claims.

Finally, this action shall be deemed a strike for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

                                                        Joseph F. Anderson, Jr.
May 8, 2007                                        United States District Judge
Columbia, South Carolina